UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA SIMMONS, Individually and As Parent and Natural Guardian of T.A., a minor, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>GLAXOSMITHKLINE, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:15CV1397 CDP<br>)<br>)<br>)<br>) |

## ORDER

Four mothers brought this case in state court as individuals and on behalf of their children, who have allegedly suffered congenital heart malformations caused by the mothers' use of Zofran during pregnancy. Defendant GlaxoSmithKline LLC removed the case to this court on the grounds that the non-diverse plaintiff that shares its Delaware citizenship was improperly joined in this action.

The case comes before me on three motions. The Mothers ask that I remand the case to state court. GlaxoSmithKline seeks dismissal of the plaintiffs who are not citizens of Missouri. GlaxoSmithKline also asks that I stay the case pending transfer to the multidistrict litigation now pending before the Honorable F. Dennis Saylor, IV, in the District of Massachusetts. *See In re: Zofran (Ondansetron)*

*Prods. Liab. Litig.*, MDL No. 2657. Because I find that a stay is appropriate, I need not reach the other motions.

## Legal Standards

A district court has inherent power to stay its proceedings. *Bledsoe v. Janssen Pharmaceutica*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to stay proceedings, a district court must exercise judgment by weighing "competing interests" and maintaining "an even balance." *Id.* at 254–55; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Specifically, "the district court should consider three factors: (1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360; *Bledsoe*, 2006 WL 335450, at *1.

## Discussion

GlaxoSmithKline argues that a stay pending transfer to the MDL court is necessary to preserve judicial resources, to ensure uniform decisions on pretrial

rulings, and to minimize prejudice to the parties. I find GlaxoSmithKline's arguments persuasive.

Judicial economy weighs heavily in favor of granting a stay. A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary. Absent a stay, these entities likely will be forced to engage in duplicative efforts in a number of fora. While the Mothers will be subjected to some prejudice in the form of a delay pending transfer, that prejudice is largely outweighed by the judicial economy obtained.

In addition, once transferred, the likelihood of inconsistent rulings will be greatly diminished. The desire to avoid inconsistent rulings guides decisions affecting the MDL process. *Cf. In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.").

The Mothers argue that this case should be remanded before transfer because jurisdiction is a threshold matter to be given first priority. However, "plaintiffs' pending remand motion 'can be presented to and decided by the transferee judge.'" *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. Aug. 15,

2001); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)); *see also In re Vioxx*, 360 F. Supp. 2d at 1354 ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings."). The circumstances favor allowing the transferee judge to rule on the remand motion if the case is ultimately transferred to the MDL.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant GlaxoSmithKline LLC's motion to stay [#10] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of October, 2015.